**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**Betty Jean LIGON and Frankie L. Williams, Defendants.**

**Civil Action No. 94–D–1471–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Jan. 3, 1996.

J. Mason, Davis, Birmingham, AL, for plaintiff.

H. Lewis Gillis, Anita L. Kelly, Montgomery, AL, Leonard Q. Arrington, Montgomery, AL, Fred D. Gray, Jr., Tuskegee, AL, for defendants.

## MEMORANDUM OPINION

DE MENT, District Judge.

Before the court is defendant Betty Jean Ligon's ("Ms. Ligon") motion filed January 23, 1995, for summary judgment. Defendant Frankie L. Williams ("Ms. Williams") responded in opposition on February 8, 1995. On February 16, 1995, Ms. Ligon filed a reply to Ms. Williams' response. After careful consideration of the arguments of counsel and the record as a whole, the court finds that Ms. Ligon's motion for summary judgment is due to be granted.

### JURISDICTION AND VENUE

On November 15, 1994, plaintiff Prudential Insurance Company of America ("Prudential") filed an interpleader complaint in this action pursuant to Rule 22 of the *Federal Rules of Civil Procedure,* requesting the court to enter a declaratory judgment naming the proper beneficiary of the proceeds of a Servicemen's Group Life Insurance ("SGLI") policy with a face value of $200,-000.00, plus accrued interest. Jurisdiction is therefore proper under 28 U.S.C. § 1335 because complete diversity of citizenship exists between the plaintiff and the defendants/claimants and the amount of the interpleader exceeds $500.00, exclusive of interests and costs.[1]

---

**1.** The relevant portion of 28 U.S.C. § 1335 provides as follows:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, corporation, association, or society hav-

ing ... issued a policy of insurance ... of value or amount of $500.00 or more ... if (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled ... to any one or more of the benefits arising by virtue of any ... policy ...; and if (2) the

## STATEMENT OF FACTS

Melvin Ligon ("the decedent") died on May 20, 1994. At the time of his death, the decedent was insured under the SGLI policy at issue in this case. Prudential filed its interpleader complaint because Ms. Ligon, the decedent's former spouse, and Ms. Williams, the decedent's sister, each filed a claim as the sole beneficiary of the decedent's SGLI policy.

On September 2, 1994, the Alabama National Guard, of which the decedent had been a member, certified to Prudential that Ms. Ligon was the sole beneficiary on the latest dated form in the decedent's military personnel file. *See* Def. Ligon's Exh. A. Specifically, the Alabama National Guard relied upon a document, an S.G.L.V. 8286 beneficiary election form ("S.G.L.V. form"), that the decedent had executed on January 4, 1993, naming Ms. Ligon as the sole beneficiary of his life insurance policy. *See* Def. Ligon's Exh. B. This S.G.L.V. form, the only S.G.L.V. form in the decedent's military file, was dated January 4, 1993, in the "received" box in the bottom right hand corner of the form. *Id.* It was also initialed and dated by the decedent in the bottom right hand corner of the document on January 9, 1994. *Id.* The S.G.L.V. form contained the following clause: "No designation or change of beneficiary will be valid unless it is received in writing over your signature by your uniformed service before your death." *Id.* at ¶ H.

On July 17, 1993, the decedent executed a properly witnessed military form naming Ms. Ligon as a beneficiary. *See* Def. Ligon's Exh. C. The decedent initialed this form on January 9, 1994, the same day he initialed the S.G.L.V. form designating Ms. Ligon as the beneficiary of his life insurance policy. *Id.*

Subsequent to the death of the decedent, Ms. Williams submitted to the Military Department an S.G.L.V. form which names her as the sole beneficiary of the decedent's policy. *See* Def. Williams' Exh. 4. This form was executed by the decedent on May 25, 1993. *Id.* The form was witnessed by Stacey O. Malloy, a military worker who counseled the decedent on changing beneficiaries, and was found in the decedent's personal military personnel records file at the decedent's home after his death. *Id.* This document was not in the decedent's military personnel file at the time of the decedent's death, and it does not have a date stamped in the "received" box at the bottom of the form. *Id.* Subsequent to the decedent's death, Ms. Williams delivered the document to the appropriate military authorities. Ms. Williams' Aff. at 1.

Ms. Ligon contends that the S.G.L.V. form submitted by Ms. Williams is invalid because it does not conform to the military regulations or insurance regulations in the following respects: (1) the form submitted by Ms. Williams was never part of the decedent's military records; (2) the form was not signed by a witness; (3) the form was never filed in the decedent's military file. In this regard, Ms. Ligon notes that on September 27, 1994, the Alabama State Military Department Office of the Adjutant General found that "the record of [the decedent] indicates [Ms.] Ligon to be the beneficiary of his S.G.L.I. on the form dated January 4, 1993, and reviewed on January 9, 1994, and it is properly witnessed and is the official copy on file at the time of his death." Def. Ligon's Exh. E at ¶ 4. Ms. Ligon further argues that, even if the court determines that the form naming Ms. Williams as the beneficiary is valid, Ms. Ligon would still be the sole beneficiary of the decedent's policy because the decedent executed the S.G.L.V. form naming Ms. Ligon as the beneficiary by initialing it on January 9, 1994, subsequent to the date of the document presumably naming Ms. Williams as the beneficiary.

Ms. Williams notes that Ms. Ligon filed for divorce to end her marriage to the decedent in late 1992 or early 1993, and that the divorce was finalized on February 26, 1993. Ms. Williams contends that, because the divorce was finalized at a date subsequent to the date that the decedent originally named

plaintiff has deposited ... or has paid the amount of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court. . . .

Ms. Ligon as the beneficiary, the decedent changed his mind and decided that Ms. Williams should be the beneficiary of his policy. Ms. Ligon contends that she continued to cohabitate with the decedent subsequent to entry of the divorce decree, and that the decedent continued to recognize her as his spouse.

## SUMMARY JUDGMENT STANDARD

 Summary judgment is appropriate only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has stated:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Court has noted, on the other hand, that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). Summary judgment is improper "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. *See Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989). At the summary judgment stage, the court must construe the evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398

U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553 (citing Fed.R.Civ.P. 56(c)).

## DISCUSSION

The SGLI program allows a member to retain ownership of his or her policy during the member's lifetime and change his or her beneficiary at any times. *See* 38 U.S.C. § 1965, *et. seq.* Under the decedent's policy, the only limitations to his authority to change the beneficiary of his SGLI policy during his lifetime were contained in the SGLI Handbook and the regulations of Prudential. *Id.* In this regard, Prudential merely requires that "a designation or change of beneficiary shall take effect only if it is made and received as required [by the SGLI guidelines]." *See* Def. Ligon's Exh. F. The SGLI Handbook, provides, in pertinent part, the following:

> When completed and dated, the form S.G.L.V. 8286 must be submitted to the member's uniformed service because a beneficiary designation is not effective until it is received by the uniformed service. The uniformed service should immediately date and certify it as received. It should promptly be placed in the member's personnel file. Only the latest beneficiary designation in the member's personnel file will be considered valid. It should be emphasized that divorce decrees, separation agreements or other state or municipal court documents are not binding on the determination of the proper beneficiary.

*See* Def. Ligon's Exh. G.

Ms. Williams acknowledges that the requirements listed above must be met before a valid designation of a beneficiary can be made by an SGLI policyholder. Nevertheless, Ms. Williams argues that *Coomer v.*

*United States,* 471 F.2d 1 (5th Cir.1973),[2] requires the court to essentially ignore the clause in the SGLI Handbook requiring that a beneficiary designation must be "received by the uniformed service" before it becomes effective. Specifically, Ms. Williams asks the court to find that this clause should include any document that would otherwise constitute a valid beneficiary designation if it is found among a decedent's personal belongings. Furthermore, Ms. Williams argues that the document designating her as the beneficiary of the decedent's policy was "received by the uniformed service" because it was witnessed by a military officer who counseled the decedent on changing his beneficiary designation, although she offers no substantive evidence that the document was ever placed in his military personnel file.

In *Coomer,* the court found that, where a deceased serviceman designated his father as the primary beneficiary in a document furnished to the deceased serviceman by a member of the navy personnel and the personnel member took possession of the document, the document was "received by the uniformed service" within the meaning of the statute. *Coomer,* 471 F.2d at 2. Thus, the *Coomer* court reversed the trial court which had found that, because no written beneficiary designation existed in the deceased serviceman's military personnel file at the time of the deceased serviceman's death, the proceeds should be paid to the "default" beneficiary in accordance with the applicable statute. *Id.* at 1.

■ In the present case, unlike *Coomer,* there was a valid beneficiary form already in the decedent's personnel file at the time of the decedent's death, which named Ms. Ligon as the sole beneficiary and had a date placed in the box marked "received." Thus, the court finds the *Coomer* case distinguishable from the instant case and finds its reasoning inapplicable in the instant case. Even if the court were to find Coomer controlling, the court finds that despite her conclusory allegation, Ms. Williams has failed to present any substantive evidence that Stacey O'Mal-

loy, the military worker who counseled the decedent on changing beneficiaries and who witnessed the form naming Ms. Williams as the beneficiary of the decedent's policy, actually "received" it. In fact, it is clear from the face of the document designating Ms. Williams as the beneficiary that a date indicating the time that this document was "received" was never entered. It is not unreasonable that the decedent may have wanted to hold the form until a later date to decide whether he should change beneficiaries. Thus, the court finds that the S.G.L.V. form was never "received by the uniformed service" within the meaning of the statute.

■ Even if the court were to find that the S.G.L.V. form naming Ms. Williams as the sole beneficiary to be valid, it would still find that Ms. Ligon is the proper beneficiary of the decedent's policy. In this regard, the court finds compelling the fact that the decedent initialed the form designating Ms. Ligon as the beneficiary subsequent to the date that he allegedly executed the form designating Ms. Williams as the beneficiary. Ms. Williams does not dispute that the initials on the S.G.L.V. form naming Ms. Ligon as the sole beneficiary were written by the decedent. In fact, the decedent's initials also appear on the S.G.L.V. form naming Ms. Williams as the proper beneficiary. Moreover, Ms. Williams fails to address the fact that the decedent initialed the S.G.L.V. form designating Ms. Ligon as the sole beneficiary of his policy. Instead she treats the document as if the initial execution date of January 4, 1993, should be the date that the court should consider for purposes of determining which document indicates the decedent's intended beneficiary. Because Ms. Williams has failed to produce any evidence to explain the decedent's decision to initial the form naming Ms. Ligon as the sole beneficiary of his policy, the court finds that the decedent's decision to initial and date the S.G.L.V. form naming Ms. Ligon as the sole beneficiary of his policy on January 9, 1994, as evidenced by the document itself, created a valid designation of Ms. Ligon as the intended benefi-

**2.** Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prich-* *ard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

ciary. Therefore, even if it were to apply the *Coomer* reasoning, the court would still find that summary judgment in favor of defendant Betty Jean Ligon is warranted because the initialed S.G.L.V. form naming Ms. Ligon as the sole beneficiary of the decedent's policy post-dates the form designating Ms. Williams as the sole beneficiary.

Based on the foregoing analysis, it is CON-SIDERED and ORDERED that defendant Betty Jean Ligon's motion for summary judgment against defendant Frankie L. Williams is due to be granted. A judgment in accordance with this memorandum opinion will be entered separately.